131  Sup: Court  1823.  *Campau admr v M$^c$Kinstry*
&c  Filed March 5. 1832

*Joseph Campau adm$^r$*
*of Dennis Campau dec$^d$ vs*  Supreme Court
*David C. M$^c$Kinstry &$^c$*  And the said Joseph Campau adm$^r$ as aforesaid now comes and prays that the writing obligatory and the condition thereof aforesaid, as well as the endorsement thereon, may be inrolled, which is accordingly done as follows: towit "Know all men by these presents That we Jacob Smith, David C. "M$^c$Kinstry and Johnsy M$^c$Carthy all of the County of Wayne are held and firmly "bound unto Joseph Campau administrator on the Estate of Dennis Campau de- "ceased in the penal sum of six hundred & forty six Dollars, forty six and one half "cents lawful money of the United States of America to the payment of which well "and truly to be made we bind ourselves jointly and severally our joint and several "heirs, executors and administrators firmly by these presents— sealed with our "seals and dated at Detroit this twenty second day of July A.D. one thousand eight "hundred and twenty two—
"  The condition of the above obligation is such That whereas the said Joseph "Campau hath, as administrator on the Estate of Dennis Campau (deceased) re- "covered Judgment on the eight day of October one thousand eight hundred and "twenty one in our Supreme Court for the Territory of Michigan, for the sum of "three hundred and twenty three Dollars and twenty three and half cents debt and "costs, (as endorsed on the Execution) upon which Judgment Execution has been "issued on the twentieth day of Oct. one thousand eight hundred and twenty one "by said Supreme Court, and the said Jacob Smith by virtue thereof, has been this "day committed to the Gaol of the County of Wayne in said Territory of Michigan "by Samuel Sherwood Deputy Sheriff of said County of Wayne— Now the condi- "tion is such that if the said Jacob Smith shall be and remain in the safe custody "of Gaoler within the prison limits which are now, or may hereafter be laid off and "assigned by the Justices of our County Court for the County of Wayne and Terri- "tory of Michigan and not depart the same until discharged therefrom agreeably to "the laws of this Territory, then this obligation to be void, otherwise to be and re- "main in full force and virtue
"Signed, sealed, and delivered          (signed) Jacob Smith   (seal)
"the day & year above written, in the   J. M$^c$Carthy   (seal)
"presence of ·          David C. M$^c$Kinstry   (seal)"
(signed) "Samuel Sherwood, witness to Smith &
          M$^c$Carthy   Timothy Young"

Territory of Michigan ⎱ We the undersigned Justices of the peace in and for
County of Wayne ⎰ the County aforesaid do approve of the above sureties, for the above amount

   Detroit July 22ᵈ 1822.
   (signed) Richᵈ Smyth Justice of the
     peace
     J. McDonnell Justice of the
     peace"

And the said Joseph admʳ as aforesaid, as to the plea of the said David C. McKinstry by him first above pleaded, and whereof he hath put himself upon the country, doth the like.

And the said Joseph admʳ as aforesaid as to the plea of the said David by him sixthly above pleaded saith That he the said Joseph administrator as aforesaid by reason of any thing by the said David in that plea alleged ought not to be barred from having & maintaining his action aforesaid thereof against the said David because he saith That before the making and executing the said writing obligatory, towit on the tenth day of June A.D. 1819, prison bounds were laid off and assigned by metes and bounds around or adjoining the Jail of the County of Wayne aforesaid, by the Judges of the County Court of said County, which said prison bounds or limits extended for one mile in every direction from the Jail of said County of Wayne, except on the south side of said Jail, and that on such south side the same extended into the River Detroit for fifty feet beyond the longest wharf; And the plaintiff saith that the said prison bounds or limits so set off and assigned as aforesaid were the prison limits or bounds of said County of Wayne, around or adjoining the Jail of said County at the time of the making and executing said writing obligatory and were so long before and afterwards. And the said plaintiff further saith that by virtue and operation of an act made and adopted by the Governor and Judges of said Territory entitled "An Act to extend the prison limits," on the 18ᵗʰ day of November A.D. 1822. the limits of the prison of said County of Wayne were made, and became coextensive with the boundaries of said County. Without this that the said writing obligatory was taken by the said Samuel Sherwood, Deputy Sheriff as aforesaid, under colour of office, or for the purpose of permitting said Jacob Smith to escape and go at large out of the walls of the Jail of said County as in said plea is alleged. And this the said Joseph administrator as aforesaid is ready to verify wherefore he prays Judgment and his debt aforesaid together with his damages by him sustained on occasion of the detention thereof to be adjudged to him &ᶜ

And the said Joseph admʳ as aforesaid as to the said plea of the said David by him seventhly above pleaded saith That he the said Joseph admʳ as aforesaid by reason of any thing by the said David in that plea alleged ought not to be barred from having and maintaining his aforesaid action thereof against the said David Because he saith That long prior to the execution of the said writing obligatory, towit on the tenth day of June A.D. 1819, prison bounds were laid off and assigned by metes and bounds around or adjoining the Jail of said County of Wayne, by the Judges of the County Court of said County, as aforesaid, which prison bounds or limits extended in every direction from the Jail of said County one mile, except on the south side of said Jail, and that the same extended on said south side into the River Detroit for fifty feet beyond the longest wharf; and the plaintiff further saith that the said prison bounds or limits so set off and assigned as aforesaid, were the prison limits or bounds of said County of Wayne, at the time of the making and

executing the said writing obligatory, and were so long before and afterwards; and he further saith That by virtue and operation of an Act entitled "An Act to extend the prison limits" made and adopted by the Governor and Judges of said Territory on the 18th day of November A.D. 1822, the limits of the prison of said County were made and became coextensive with the boundaries of said County. And this the said Joseph is ready to verify, wherefore he prays Judgment and his debt aforesaid together with his damages by him sustained on occasion of the detention thereof to be adjudged to him &c

And the said Joseph admr as aforesaid as to the plea of the said David by him eighthly above pleaded saith That he the said Joseph admr as aforesaid by reason of any thing by the said David in that plea alleged ought not to be barred from having & maintaining his action aforesaid thereof against the said David Because protesting that the said Jacob Smith in said plea named hath not observed, performed, fulfilled & kept any of the articles clauses, conditions, and agreements in the said condition of the said writing obligatory comprised or mentioned on his part & behalf to be observed, performed, fulfilled and kept, Yet for replication the said plaintiff saith That after the making of the said writing obligatory aforesaid, the said Jacob Smith did not remain in the safe custody of said Gaoler within said prison limits of said County of Wayne as aforesaid; but on the contrary, did, heretofore, and in his lifetime, towit, on the twenty second day of November in the year one thousand eight hundred and twenty two, pass over and depart therefrom, and go out of & beyond said prison limits, and go beyond and out of the boundaries of said County of Wayne aforesaid, without having been discharged from the same agreeably to the laws of said Territory, and without having paid the debt, interest & costs in the condition of said writing obligatory mentioned, or the penalty of said Bond, or any or either of them or any part thereof; And this the said plaintiff is ready to verify wherefore he prays Judgment and his debt aforesaid together with his damages by him sustained on occasion of the detention thereof to be adjudged to him &c

ALEX. D. FRASER<br>Atto for plff